IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWAUN FREEMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2655 |
| | : | |
| LT. MOORE, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.** **May 15, 2024**

Defendants Lt. Moore and Sgt. Jones have filed a motion under Federal Rule of Civil Procedure 12(b)(5) to strike service of original process, arguing they were never properly served with the summons and Amended Complaint in this prisoner civil rights action. Also pending before the Court is Plaintiff Antwaun Freeman's motion for a default judgment, filed after Defendants' defaults were entered in November 2023. Because the record before the Court shows Defendants were not served in accordance with either the Federal or the Pennsylvania Rules of Civil Procedure, and did not agree to waive formal service of process, the motion to strike service will be granted. And because valid service is a prerequisite for entry of default and a default judgment, Defendants' defaults will be set aside and Freeman's motion for a default judgment will be denied.

**BACKGROUND**

In July 2023, Plaintiff Antwaun Freeman, a prisoner in state custody, filed this pro se civil rights action and was granted leave to proceed in forma pauperis. Freeman later filed an Amended Complaint, as instructed by the Court. He alleged, inter alia, that while he was an inmate at the George W. Hill Correctional Facility, Lt. Moore and Sgt. Jones failed to protect him from an attack by another inmate who they knew was armed and posed a threat to Freeman.

In September 2023, the Court ordered that service of the Amended Complaint be made on Moore and Jones by the U.S. Marshals Service.[1] Order, Sept. 5, 2023, ECF No. 11. On September 14, 2023, the Marshals Service filed proof of service for both Defendants indicating "Process accepted via Electronic Service Forwarded to Solicitor." Aff. Service, ECF No. 14. A month later, having received no response to the Amended Complaint from either defendant, the Court entered an Order directing Moore and Jones to file an appropriate responsive pleading within 14 days, and directing the Clerk of Court to send the Order to both Defendants at the George W. Hill Correctional Facility. Order 4, Oct. 13, 2023, ECF No. 15.[2]

When Defendants again did not respond, the Court entered a further Order directing Freeman to proceed in accordance with Federal Rule of Civil Procedure 55. Order, Nov. 8, 2023, ECF No. 16. Freeman sought entry of Defendants' defaults, as directed, and the defaults were entered on November 30, 2023. Entry of Default, ECF No. 18. He then filed a motion for a default judgment, which was initially scheduled for an assessment of damages hearing on March 28, 2024. Shortly before the scheduled hearing date, however, counsel appeared for Freeman and requested a continuance, which the Court granted. The hearing was later rescheduled for May 30, 2024.

[1] The Court dismissed Freeman's claims against the three other Defendants named in the Amended Complaint, and also dismissed his claims for deliberate indifference to serious medical needs against Moore and Jones. Order, Aug. 16, 2023, ECF No. 9.

[2] The Order noted Freeman had filed a second civil action (Civil No. 23-2641) against officials at the George W. Hill Correctional Facility, including Lt. Moore, and that Moore had been served electronically in that action on September 14, 2023, the same day he was served electronically in this case. Order 1 n.1, Oct. 13, 2023, ECF No. 15. In the second action, however, counsel had appeared for Moore and responded to the complaint in the time permitted under Federal Rule of Civil Procedure 12. *Id.* Defendants do not address this second case in their motion to strike service, and it therefore remains unclear to the Court why service was accepted for Lt. Moore via email in one case but not the other.

On April 26, 2024, counsel appeared for both Defendants and moved to strike service of original process under Federal Rule of Civil Procedure 12(b)(5). Defendants argue they were never properly served with original process in this action because the summons and complaint were sent via email to the Office Manager of the George W. Hill Correctional Facility, who acknowledged receipt of the email but did not agree to accept service for Defendants electronically. Freeman opposes the motion, arguing Defendants were properly served.

**DISCUSSION**

Rule 12(b)(5) allows a defendant to assert the defense of "insufficient service of process" by motion "made before pleading if a responsive pleading is allowed." "When a defendant challenges sufficiency of service in a motion . . . under Rule 12(b)(5), 'the party asserting the validity of service bears the burden of proof on that issue.'" *Ghost v. Victory Recovery Serv., Inc.*, No. 14-215, 2014 WL 1515700, at *1 (E.D. Pa. Apr. 17, 2014) (quoting *Grant Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Freeman has not satisfied this burden here.

Absent a waiver of service, "the Federal Rules require either personal service or, pursuant to [Rule 4(e)(1)], service that complies with state law."[3] *Boley v. Kaymark*, 123 F.3d 756, 757 (3d

---

[3] Specifically, Federal Rule of Civil Procedure 4(e) authorizes service on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

Cir. 1997). Neither the Federal Rules nor the Pennsylvania Rules authorize service via email. *See LaPorte v. City of Phila.*, No. 21-1937, 2023 WL 3034328, at *3 (3d Cir. Apr. 21, 2023) ("Service via email is generally inadequate under both the Federal and Pennsylvania Rules of Civil Procedure." (citing Fed. R. Civ. P. 4(e) and Pa. R. Civ. P. 402(a))). Thus, the attempt to serve Defendants via email was only effective insofar as Defendants agreed to waive service in accordance with federal or state law. *See* Fed. R. Civ. P. 4(d) (outlining procedures for obtaining a waiver of service under the Federal Rules); Pa. R. Civ. P. 402(b) (providing a defendant or his authorized agent "may accept service of original process by filing a separate document" certifying

---

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Pennsylvania law, original process may be served:

> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>
> > (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> >
> > (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
> >
> > (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402(a).

In his opposition, Freeman also cites Federal Rule of Civil Procedure 4(j)(2), addressing service of process on "[a] state, a municipal corporation, or any other state-created governmental organization," and Pennsylvania Rule of Civil Procedure 422, addressing service on the Commonwealth and its political subdivisions. These provisions are inapplicable, however, as Freeman has sued only individual County correctional officers in their individual capacities. In any event, these provisions also require personal service.

that service has been accepted on behalf of the defendant and that the signer is authorized to do so).

As previously noted, the affidavit of service filed by the Marshals Service states that process was "accepted via Electronic Service Forwarded to Solicitor" and identifies Nicole Miller, the Office Manager of the George W. Hill Correctional Facility, as the individual served. Aff. Service, ECF No. 14. In opposing Defendants' motion to strike, Freeman emphasizes that the affidavit "was signed under oath by a U.S. Marshal[]." Pl.'s Resp. Mot. Strike 3, ECF No. 30. But while "a signed return of service generally creates a rebuttable presumption that service was validly performed," *Babayoff v. Hazlet Manor Assocs.*, No. 22-11187, 2023 WL 1813489, at *2 (3d Cir. Feb. 8, 2023), it "is not conclusive on the question of service" and may be overcome by proof to the contrary, *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971). Here, Defendants have submitted an affidavit from Miller as well as her email exchange with Supervisory Deputy U.S. Marshal David Sprague regarding the request for service in this case. These materials contradict the statement in the affidavit of service that Miller accepted service for Moore and Jones electronically.

The email exchange reflects that on September 14, 2023, Sprague emailed the complaint and summons to Miller, noting Freeman was requesting service upon Lt. Moore and Sgt. Jones in this case and requesting that Miller "Please acknowledge receipt of email, and if service can be accepted electronically." Miller Aff., Attachment, ECF No. 29-1 at 4-5 (ECF pagination). In response, Miller provided "confirmation that all has been received and will be forwarded to our solicitor," but did not respond to Sprague's inquiry as to whether service could be accepted electronically. *Id.* at 4 (ECF pagination). In her affidavit, Miller states the email exchange was the only communication she had with Sprague about this case and confirms she never agreed to

accept service of any lawsuit, noting that at the time she received the email, she did not know which employees were being sued. Miller Aff. ¶¶ 5, 7-8, ECF No. 29-1. While Moore argues Defendants were properly served because Miller accepted service, the Court agrees with Defendants that Miller's statement to Sprague that "all has been received and will be forwarded to our solicitor" cannot be regarded as an agreement to accept service for Moore and Jones, much less a waiver of service complying with federal or state law.

Although Freeman was "entitled to rely on service by the U.S. Marshals" in this case, *Powell v. Symons*, 680 F.3d 301, 310 n.8 (3d Cir. 2012) (citation omitted), service must nevertheless be accomplished in accordance with Rule 4, *see* Order ¶ 2, Sept. 5, 2023, ECF No. 11. Because Defendants were not served in accordance with the Rule, their Rule 12(b)(5) motion will be granted, service will be quashed, and Freeman will be given an appropriate period of time in which to serve Defendants via the U.S. Marshals Service, if necessary.[4] Given that counsel has now appeared for Defendants in this case, however, the Court expects the parties should be able to resolve the issue of service promptly on their own so this case can proceed.

Because Defendants have not been properly served, Freeman's motion for a default judgment must be denied, as valid service is a prerequisite for a default judgment. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (motion for default judgment was properly denied where complaint was not served within the time required under Rule 4); *Gold Kist,*

[4] "Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Defendants do not seek dismissal here, and this remedy would be inappropriate in any event as "there exists a reasonable prospect that service may yet be obtained." *Id.*; *see also Jones v. Hashagen*, 419 F. App'x 141, 145 (3d Cir. 2011) (noting that since "[t]he IFP statute specifically vests the responsibility for service with the court and its officers[,] . . . a failure to serve should not prejudice a faultless plaintiff" (internal citation omitted)).

*Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). For the same reason, the Court will also exercise its discretion to set aside the defaults entered by the Clerk of Court on November 30, 2023.  *See Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) (recognizing district courts have "authority to *sua sponte* set aside an entry of default . . . for good cause").

      An appropriate order follows.

BY THE COURT:

    /s/ Juan R. Sánchez
Juan R. Sánchez, J.